UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GEORGE W. NASH,

                Plaintiff,

– against –

NEW YORK CITY POLICE DEPARTMENT
DETECTIVE JASON DEL TORO, Shield No. 4218,

                Defendant.

**ORDER**

16 Civ. 972 (ER)

RAMOS, D.J.:

On February 9, 2016, George Nash, proceeding *pro se*, filed a complaint against New York City Police Detective Jason Del Toro for constitutional violations. Doc. 1. On January 19, 2017, the Court dismissed the case because Plaintiff had failed to file a second amended complaint by the Court's deadline (the "January 2017 Order"). Doc. 15. That same day, the Clerk's office received Plaintiff's second amended complaint, but did not file it on the docket until January 23, 2017. Doc. 19. On February 13, 2017, Plaintiff filed a notice of appeal. *Id*. On March 27, 2017, the Court issued an order vacating the January 2017 Order and directing Plaintiff to withdraw his notice of appeal if he wished to proceed in this Court (the "March 2017 Order"). *Id*. On April 10, 2017, Plaintiff requested to withdraw his appeal. Doc. 20. On May 30, 2017, the Second Circuit vacated the Court's March 2017 Order for lack of jurisdiction and remanded the case for reentry of that order. Doc. 23. On October 8, 2020, the Court vacated the January 2017 order and directed Plaintiff to provide the Court with a status update on the case by October 29, 2020. Doc. 26. The Court warned Plaintiff that "[f]ailure to comply with the Court's order could result in sanctions, including dismissal for failure to prosecute. Fed. R. Civ. P. 41(b)." *Id.* at 2. Plaintiff never submitted a status report and has not been in contact with the

Court for over three years. Because Plaintiff has failed to prosecute his case, the Court dismisses his claims with prejudice under Rule 41(b) of the Federal Rules of Civil Procedure.

## I. Standard

Courts evaluating dismissal under Rule 41(b) must consider

(1) the duration of the plaintiff's failures,
(2) whether plaintiff had received notice that further delays would result in dismissal,
(3) whether the defendant is likely to be prejudiced by further delay,
(4) whether the district judge has taken care to strike the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard and
(5) whether the judge has adequately assessed the efficacy of lesser sanctions.

*LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (citation omitted). When weighing these factors, "[n]o single factor is generally dispositive." *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014).

## II. Discussion

In the instant case, all factors weigh in favor of dismissal. *First*, Plaintiff has not complied with the Court's order to submit a status update and has not been in contact with the Court for over three years. Three plus years of silence from Plaintiff weighs in favor of dismissal. *Dixon v. Urbanskt*, No. 17 Civ. 1123 (PMH), 2020 WL 4347736, at *2 (S.D.N.Y. July 29, 2020); *McNair v. Ponte*, No. 17 Civ. 2976 (AT) (GWG), 2020 WL 3402815, at *6 (S.D.N.Y. June 18, 2020).

*Second*, Plaintiff was given notice that his case could be dismissed for failure to prosecute if he did not contact the Court. The Court specifically warned Plaintiff that "[f]ailure to comply with the Court's order" to provide a status update "could result in sanctions, including dismissal for failure to prosecute. Fed. R. Civ. P. 41(b)." Doc. 26 at 2. Despite this warning, Plaintiff has not corresponded with the Court.

*Third*, prejudice can be presumed from a three-year delay. *Dixon*, 2020 WL 4347736, at *3 ("when a Plaintiff's delay is lengthy and inexcusable prejudice can be presumed.") (citation omitted); *McNair*, 2020 WL 3402815, at *7.

*Fourth*, Plaintiff has failed to take advantage of his "right to due process and a fair chance to be heard[.]" *LeSane*, 239 F.3d at 209. Indeed, "[i]t is not the function of this Court to chase dilatory plaintiffs while other litigants in this district seek access to the courts." *Hibbert v. Apfel*, No. 99 Civ. 4246 (SAS), 2000 WL 977683, at *3 (S.D.N.Y. July 17, 2000).

*Fifth*, there is no weaker sanction other than dismissal that could remedy Plaintiff's failure to prosecute. *Pro se* plaintiffs must comply with court orders. *Virola v. Entire GRVC Dep't of Mental Health Hygiene Servs.*, No. 12 Civ. 1005 (ER), 2014 WL 793082, at *3 (S.D.N.Y. Feb. 21, 2014) (collecting cases). Dismissal is appropriate where, as here, Plaintiff "appears to have abandoned the litigation." *Dixon*, 2020 WL 4347736, at *3; *McNair*, 2020 WL 3402815, at *7 (citing abandonment of claims as reason that any other sanction would be less effective).

For all of these reasons, the Court dismisses Plaintiff's case with prejudice. The Clerk of Court is respectfully directed to close the case.

A copy of this Order will be mailed to Plaintiff by Chambers at 222 W. 77th Street, Apt. 315, New York, New York 10024.

It is SO ORDERED.

Dated:   November 20, 2020
         New York, New York

_____
EDGARDO RAMOS, U.S.D.J.